Filed 1/16/26  In re Elijah O. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re Elijah O. et al., Persons Coming Under the Juvenile Court Law. | |
| KERN COUNTY DEPARTMENT OF HUMAN SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> CRYSTAL O., <br><br> Defendant and Appellant. | F090157 <br><br> (Super. Ct. Nos. JD146978-00, JD146979-00) <br><br> **OPINION** |

### THE COURT[*]

APPEAL from orders of the Superior Court of Kern County.  Susan M. Gill, Judge.

Susan M. O'Brien, under appointment by the Court of Appeal, and Crystal O., in propria persona, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

-ooOoo-

---

[*]       Before Hill, P. J., Franson, J. and Guerra, J.[†]

[†]       Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Crystal O. (mother) is the mother of Elijah O. and Oliver O. (collectively, the children), who were the subjects of this dependency case. Mother appealed from the juvenile court's orders issued at a disposition hearing on July 17, 2025, which resulted in the children being placed in the custody of their father, Alexander O. (father). After reviewing the juvenile court record, mother's court-appointed counsel informed this court she could find no arguable issues to raise on mother's behalf. This court granted mother leave to personally file a letter setting forth a good cause showing that an arguable issue of reversible error exists. (*In re Phoenix H.* (2009) 47 Cal.4th 835, 844 (*Phoenix H.*).) Mother filed a letter brief but failed to make such a showing. Consequently, we dismiss the appeal.

### FACTUAL AND PROCEDURAL BACKGROUND

In March 2025, the Kern County Department of Human Services (department) received a referral alleging general neglect and incapacity by mother. Mother's friend found mother passed out on the couch while then eight-year-old Elijah and then five-year-old Oliver were home. There was no food accessible to the children, and an excessive amount of alcohol bottles and dirty clothes were observed in the home. The children had excessive absences from school, and Oliver told his class that mother was drunk. Mother had a known history of alcohol abuse, and the terms of her probation required her to abstain from alcohol consumption.

Mother's friend was watching the children after mother was placed on a voluntary psychiatric hold. The friend became concerned after mother checked herself out of the psychiatric facility. Law enforcement and a department social worker responded to the home of mother's friend on March 7, 2025. The children were placed into protective custody by law enforcement.

Father was stationed overseas in the military, and the social worker notified father of the referral. On March 9, 2025, father expressed his intent to obtain custody of the children during his next change of duty in June 2025.

2.

On March 10, 2025, the investigating social worker interviewed Elijah and Oliver in their placement. Elijah stated mother regularly consumed beverages from red or black bottles, and mother's behavior would noticeably change after drinking them. Mother would sleep for extended periods after three consecutive days of drinking. Elijah explained that he taught himself how to cook on the kitchen stove while mother slept. He claimed mother's inability to care for him caused him to miss an excessive amount of school days. Elijah and Oliver spent most of their time watching television or playing video games without any interaction from mother.

Oliver described the family's home as unclean, with large amounts of trash covering the floor. He stated mother was a " 'drunk,' " and she did not cook for the children. Both children indicated mother would occasionally get up to slap them on the head for making noise during the day. Oliver explained that Elijah saved his life by cooking on the stove for them. The children stated their father was prevented from contacting them due to a military protective order.

The social worker received an email from father in response to questions about mother's mental health and substance abuse. Father acknowledged he was aware of recent reports that mother was consistently under the influence of drugs or alcohol. He denied there were any active military protective orders in place, and he claimed mother previously made false allegations against him. Father also indicated he had no prior history of mental health or substance abuse problems. Father expressed his desire to attend the upcoming detention hearing. An official verification confirmed the military protective order had been terminated.

On March 11, 2025, the social worker conducted an interview of mother. Mother stated she was seeking treatment for alcohol use, and she admitted to a history of alcohol dependency. Mother claimed she had been able to maintain a period of sobriety, but a relapse resulted in her resumption of alcohol use for the past several months. She denied the children had been left with inadequate food in the home. Mother disclosed previous

diagnoses of depression and attention deficit hyperactivity disorder. She was scheduled to re-enroll in mental health services on the following date.

Mother adamantly denied that her alcohol use affected her ability to care for the children. She insisted that she remained alert by engaging with them, ensuring they attend school, and maintaining a clean home. Mother stated a military protective order was issued in October 2023 due to allegations that father sexually assaulted the children. Father had no contact with the children since the order was issued, and she claimed the order was still active.

The department filed original petitions alleging the children were described by Welfare and Institutions Code section 300, subdivision (b)(1).[1] The petitions alleged the children were at substantial risk of suffering serious physical harm due to mother's substance abuse and failure to provide adequate food, clothing, and shelter.

At the detention hearing held on March 12, 2025, mother was present and appointed counsel. Father appeared remotely, and he was also appointed counsel. The children were detained from mother's custody, and a jurisdiction hearing was set for April 2, 2025. Supervised visits were ordered to occur between mother and the children twice per week for two hours.

The department's jurisdiction report, dated April 1, 2025, recommended that the allegations in the petitions be found true. The children were placed in a resource family home. Father participated in supervised virtual visits with the children, and there were no concerns noted in the report.

At a continued jurisdiction hearing held on May 21, 2025, mother was present and represented by counsel. The department amended the petitions to strike references to the cleanliness of the home with the agreement of all parties. Mother submitted a waiver of rights (form JV-190) as to jurisdiction, and the juvenile court found that she knowingly,

---

[1]     All further statutory references are to the Welfare and Institutions Code.

4.

voluntarily, and intelligently waived her rights. The court sustained the amended allegations in the petition, and a disposition hearing was set for July 17, 2025.

The department's disposition report, dated July 14, 2025, recommended the children be removed from mother's custody, sole physical custody be granted to father, and termination of dependency jurisdiction. Mother was participating in parenting classes, mental health services, and supervised visits. Mother provided positive drug test results for cannabinoids and amphetamines on April 2, May 21, May 28, and June 25, 2025, and she failed to submit two additional random drug tests. She had not enrolled in substance abuse counseling at the time of the report.

Visitation between the parents and children was reported to be positive and engaging without any concerns. Father was back in the United States with the intention of returning to his deployment with the children. He made arrangements for the children to live with him and attend school in the foreign country. A copy of the report of investigation related to the prior military protective order was attached to the disposition report. The allegations of physical and sexual assault were referred to local law enforcement in Kern County due to the acts allegedly occurring prior to father's deployment.

A contested disposition hearing was held on July 17, 2025. Mother and father were both present and represented by counsel. The department submitted on its recommendation and disposition report. Mother's counsel called father as her first witness. Father testified that he had a history of methamphetamine use in 2017. When asked to explain his initial denial of such history to the social worker, he explained that he did not read the social worker's email clearly. Father repeatedly denied having any mental health issues.

Mother provided testimony on her own behalf. She testified regarding the services provided by the department since the children's removal. There were 15 classes remaining in her parenting program. Mother enrolled in outpatient substance abuse

5.

treatment on June 26, 2025. The program consisted of weekly group sessions, and she attended weekly meetings at Narcotics Anonymous. Mother continued to receive mental health treatment, which included prescription medications.

According to mother's testimony, father became physically violent with her for the first time in 2015. She testified father threw her into a wall while she was pregnant, and she claimed he threw Elijah over a coffee table while he was in a car seat. Father participated in marriage counseling with mother and individual therapy after these incidents. Mother testified that father was previously prescribed medication for a mental health disorder.

Mother described her struggle with addiction issues since she was a teenager. Her first successful completion of a substance abuse program occurred in 2017. Mother testified that her last use of alcohol was on June 6, 2025. Mother denied any use of illegal drugs.

The assigned social worker testified that she started working on the children's case in May 2025. She was not aware of any prior substance abuse or mental health issues for father when the report was written. The social worker would have put in safety mechanisms to help prevent any relapses had she known about father's past issues. However, she still had no concerns with the children's safety in father's care. Father had already informed the social worker that he was randomly drug tested by the military.

Mother's counsel argued that the dependency proceedings should not be dismissed, and she requested that mother be provided with reunification services while father participated in family maintenance services. Counsel for the department and father argued in support of the recommendation for dismissal with full custody of the children being provided to father. The children's counsel acknowledged the children's desire to visit with mother, but she did not believe there was sufficient evidence of detriment to deny father's request for custody.

After hearing argument from counsel, the juvenile court provided its ruling. The court acknowledged there were credibility issues for both parents, but it believed court supervision was not necessary due to the drug testing requirements of father's active military status. The court followed the department's recommendation to dismiss dependency with sole physical custody to father due to the lack of evidence of detriment to the children. Father was also awarded sole legal custody due to the distance and time difference between mother and father. Mother was ordered weekly supervised visits with the children, and she was permitted to exercise her right to visit through in-person or virtual means.

## DISCUSSION

An appealed-from judgment or order is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is the appellant's burden to raise claims of reversible error or other defect and present argument and authority on each point made. If the appellant fails to do so, the appeal may be dismissed. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

In her letter brief, mother asserts that the juvenile court failed to consider the credibility of the witnesses and the children. She also claims the court erred by neglecting to admit evidence of mother's progress in the voluntary case plan and relationship with the children. She insists the court relied solely on the uncorroborated and self-serving testimony of father, mother's friend, and Elijah. Mother believes the court's decision led "to a very obvious unjust and dangerous outcome for the children and mother …." However, she does not claim that the court's dispositional findings were not supported by sufficient evidence. Rather, she appears to contend that we should reweigh the evidence and reverse the order granting father sole legal and physical custody. We conclude mother fails to show good cause that any of these issues merit additional briefing.

7.

Having reviewed mother's letter brief, we find mother has not made a showing of good cause that an arguable issue exists. (*Phoenix H.*, *supra*, 47 Cal.4th at p. 846.) Mother's letter brief furnishes no valid argument with supporting legal authorities for her purported claims of error. (See *In re Sade C.*, *supra*, 13 Cal.4th at p. 994 [the appellant must " 'present argument and authority on each point made' "].)

We acknowledge that mother presented some favorable evidence at the hearing, and we commend her continued efforts to address her substance abuse issues. However, our role as an appellate court is not to substitute our judgment for that of the juvenile court or reweigh evidence. When all of the evidence is considered, a finding that father posed a substantial risk of detriment to the children was not compelled as a matter of law. The court properly evaluated the credibility of the department's evidence against mother and father's testimony, and it found credibility issues with both parents in making its determination. Accordingly, our review of the challenged orders confirms appellate counsel's determination that no arguable issues exist.

In sum, mother has not raised any arguable issues stemming from the disposition hearing. Further, though we are not required to, we have reviewed the record as it relates to the dispositional orders, and we have found no arguable issues for briefing. (*Phoenix H.*, *supra*, 47 Cal.4th at pp. 841–842.) Accordingly, we dismiss the appeal.

## DISPOSITION

This appeal is dismissed.